IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-577-BO

| | | |
|---|---|---|
| TONETTE JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 31, 34]. The motions have been fully briefed and are ripe for disposition. For the reasons discussed below, plaintiff's motion [DE 31] is DENIED and defendant's motion [DE 34] is GRANTED. The decision of the Commissioner is AFFIRMED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) under Title II and her claim for supplemental security income (SSI) under Title XVI of the Social Security Act. [Tr. 107, 258–68]. Plaintiff protectively filed her SSI application on April 7, 2014 and protectively filed her disability and DIB application on June 2, 2014. *Id.* In both applications, plaintiff alleged disability beginning June 1, 2012 due to depression, asthma, bronchitis, chronic back pain, migraine headaches, emphysema, diabetes, gout, and poor circulation. [Tr. 107]. Plaintiff's applications were denied both initially and upon reconsideration on December 19, 2014 and March 3, 2015, respectively. [Tr. 191–96, 202–19].

At plaintiff's request, a hearing was held before an administrative law judge (ALJ) on December 19, 2016, at which plaintiff and her attorney appeared. [Tr. 61–94]. Plaintiff's attorney has since withdrawn. [Tr. 37]. The ALJ issued a decision on April 18, 2017, finding that plaintiff was not disabled. [Tr. 238–57]. On July 18, 2017, the Appeals Council denied plaintiff's request for review. [Tr. 1–7].

In November 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 1]. Plaintiff and defendant then filed cross-motions for judgment on the pleadings which have been fully briefed and are ripe for disposition. [DE 31, 34].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin,* 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an

2

individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases.

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In this case, the ALJ's inquiry ended at step four with the conclusion that plaintiff was able to perform work that existed in significant numbers in the national economy. [Tr. 50–51]. In other words, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act.

In support of her motion for judgment on the pleadings, plaintiff attaches additional medical evidence that is all either undated or dated after the ALJ's decision was rendered. [DE 31-1–11]. Plaintiff asks the Court to "render a Favorable Decision on the basis of new and continuing medical evidence" that demonstrates that she is disabled. [DE 31]. But a careful review of the record, the new evidence that plaintiff presents, and the ALJ's decision shows that the decision was properly supported by substantial evidence and that remand would not be appropriate.

42 U.S.C. § 405(g) provides for remand based on new evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In order for such a remand to be appropriate, plaintiff must establish the following:

> First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative of evidence already on the record. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983)). Second, the claimant must establish that the evidence is material, in that the Commissioner's decision "'might reasonably have been different' had the new evidence been before her." *Id.* (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). Third, the claimant must show that good cause exists for her failure to present the evidence earlier. *Id.* And fourth, the claimant must present to the reviewing court "'at least a general showing of the nature' of the new evidence." *Id.* (quoting *King*, 599 F.2d at 599).

*Finney v. Colvin*, 637 F. App'x 711, 715–16 (4th Cir. 2016). Plaintiff bears the burden of meeting all four of the Fourth Circuit's requirements before her case can be remanded. But plaintiff cannot demonstrate that the new evidence is relevant to the determination of disability *at the time the*

*claimant first applied for benefits* and, as such, there is no need to consider whether she can establish the remaining three requirements. With the exception of an undated statement from F-NP Peters-Beedoe, all of the additional evidence that plaintiff submits is dated after the ALJ's decision was rendered. Peters-Beedore's statement discusses only plaintiff's present limitations (with the exception of a reference to migraines that plaintiff has suffered since 2008) and references treatment only since July 2017. The Appeals Council previously rejected plaintiff's similar attempts to introduce new evidence, finding that the evidence did not relate to the ultimate question of whether plaintiff was disabled on or before April 21, 2017—the date of the ALJ's decision. [Tr. 2]. The Appeals Court invited plaintiff to file another application if her diagnosis had changed or her condition had worsened. *Id.* But any new diagnosis is not relevant to whether the ALJ's decision was supported by substantial evidence, and plaintiff cannot be granted remand on the basis of the new evidence she provides.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the ALJ's decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 31] is DENIED and defendant's motion for judgment on the pleadings [DE 34] is GRANTED. The decision of the Commissioner is AFFIRMED. The Clerk is directed to close the file.

SO ORDERED, this __10__ day of January, 2019.

                                                    *Terrence Boyle*
                                                    TERRENCE W. BOYLE
                                                    CHIEF UNITED STATES DISTRICT JUDGE